**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JES CRISTE,  )<br>  )<br>           Plaintiff,  )<br>     vs.  )    1:06-cv-1730-SEB-JMS<br>  )<br>SHERIFF ANDERSON, Marion County Sheriff, )<br>     et al.,  )<br>  )<br>           Defendants.  ) | |

**E N T R Y**

**I.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom V. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. See *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999).

Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994); *see also Woodard v. Jackson,* 2004 WL 771244, at *8 (S.D.Ind. 2004).

**II.**

The plaintiff asserts a claim pursuant to 42 U.S.C. § 1983. The plaintiff's claims are based on events he alleges occurred in February and March 2004. He states that he has suffered dramatic and life-threatening episodes because his medicine was improperly altered while he was confined at the Marion County Jail. He was confined at the Jail between November 21, 2003, and October 8, 2004. His complaint was signed on November 30, 2006. He was not in the custody of or under the medical care of the defendants after he was released from the Jail. The medical mismanagement of which the plaintiff complains thus occurred six (6) months prior to his release from the Jail. He was released from the Jail more than 25 months prior to the date he signed his complaint.

It thus appeared when this action was docketed, and also remains evident now, that the plaintiff's claim is barred by the 2-year statute of limitations applicable to those claims. *Myles v. United States,* 416 F.3d 551 (7th Cir. 2005). The plaintiff admits as much. He offers various reasons why his tardiness should be excused, but none of his reasons constitute a sufficient reason to extend or ignore the statute of limitations. Accordingly, the action must be dismissed pursuant to § 1915A(b), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/25/2007

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana